PERRY G. TANNER, RESPONDENT, *v.* ANSON C. PAR-
SHALL, APPELLANT.

*Evidence—Charge in Book account, admissible when.*

A statement made by the Plaintiff to the Defendant that he had charged
him $500 as the price of a horse sold and delivered to him, and an admission
by the Defendant that the charge is correct, becomes competent evidence to
prove the sale of the horse by the Plaintiff and the price for which it was
sold, and an offer on the part of the Plaintiff to prove this fact, accompanied by
a presentation of his book to verify the statement in that respect, is proper;
and if refused, when offered to prove the sale of the horse and the price,
etc., it would be error.

THIS is an appeal by the Defendant from a judgment of the
Supreme Court, rendered in the Sixth District, in favor of the
Plaintiff. The action was brought to recover the purchase price
of a horse alleged to have been sold and delivered to the Defend-
ant in September, 1856, and came on for a second trial at the
Otsego Circuit in June, 1860. The principal question litigated
on the trial, was whether the horse was sold to the Defendant for
$500, or whether he was delivered to the Defendant to be taken
to New York, by one Baird, and sold on Plaintiff's account; and
on this question the testimony of the Plaintiff and Defendant was
directly in conflict, and with other evidence more or less bearing
upon the truth of the version of either party, was submitted to
the jury, who found for the Plaintiff. On the trial the Plaintiff,
under the objection and exception of the Defendant, was permitted
to show that on the same day that he claimed to have sold the
horse to the Defendant, he went to his store, and in the absence of
the Defendant, made an entry in his book of accounts, charging
the Defendant with the horse, at $500, and that he subsequently
exhibited this entry to the Defendant, who admitted its accuracy.
The judge allowed the entry to be read to the jury, and charged
that it was a circumstance tending to prove the alleged sale.
The principal question in the case is, whether this evidence was

properly admitted. There are some other questions arising upon the admission and rejection of evidence.

*John H. Reynolds* for Appellant.

*L. J. Burdett* for Respondent.

Hunt, J.—This case was eminently one for the jury. We have nothing to do with the decision. We accept it as the correct determination of the disputed facts before them. The legal proposition before us is quite simple. We are not called upon to decide whether the entry by the Plaintiff of the sale of the horse to the Defendant, in the Plaintiff's book, was a part of the res gestæ, nor are we to decide whether the entry above would have been competent evidence. Here the offer to read the entry was accompanied by the offer, also, to prove that the entry was subsequently read to the Defendant, and that he admitted its correctness. That a statement by the Plaintiff to the Defendant, whether verbal or written, charging the latter with the purchase of a horse, at the agreed price of $500, which statement was then assented to by the Defendant, is competent evidence against the latter, would seem to be too plain a proposition for discussion. The offer, as made, was proved, and was corroborated by the Defendant, so far as that he admitted that the statement was read over to him. He denied that he admitted its correctness, or promised to pay it. The charge to the jury was upon the same subject-matter, and in reference to the whole of the same. I think there could have been no misleading of the jury, and no misunderstanding by them of the questions before them. The judge further charged the jury that in determining whether the Defendant bought the horse, and agreed to pay $500 for him, they had no right to take into consideration the actual value, or the unsoundness of the horse, as a circumstance bearing on that question. If the jury had been engaged in deciding whether the Defendant had made a good bargain in purchasing the horse, such evidence would have been material. So if there had been inquiry whether there had been a breach of an alleged warranty of soundness, the evidence referred to would have been important. But it was entirely immaterial

upon the question whether the Defendant had purchased the horse, or had received him from the plaintiff to sell on his account. As a legal proposition it could have no tendency to establish either a sale or an agency. There was no error in the instruction to the jury. Neither was there any error in this instruction: that if the Defendant heard the remark which the Plaintiff's daughter testified that the father made to her, " that he had sold Billy," and did not deny it, it was complete evidence. The presence of the parties there, the taking away of the horse by the Defendant, would justify the jury in applying the remark to the horse in question.

Judgment should be affirmed.

GROVER, J. (dissenting).—No question was made but that the testimony of the Plaintiff, that he read the entry on his book charging the horse to the Defendant, at five hundred dollars, and that the latter promised to pay it, was competent. But did this render competent the additional testimony of the Plaintiff, that he made the entry immediately after the alleged sale. The case shows that this latter testimony was used as independent evidence of a sale of the horse by the Plaintiff to the Defendant. It appears from the charge that the jury were told by the learned justice, that if the Plaintiff made a memorandum or entry of the sale immediately after he got down to the store, it would be a circumstance tending to show the alleged sale. The question is whether the evidence was competent for this purpose. If it was, the charge was correct. If not, the reception of the evidence, and the charge, were erroneous. The only point in issue was whether the Defendant purchased the horse of the Plaintiff. Upon this point the evidence was conflicting. The inquiry is whether reading the entry or charge to the Defendant a long time afterward, and his promise to pay the amount, rendered testimony that the entry was made by Plaintiff immediately after his arrival at the store, after the alleged sale, competent evidence of such sale. The testimony of the Defendant denying such promise and that he emphatically repudiated the claim, can have no bear-

ing upon the question. It was for the jury to determine as to
the credibility of the witnesses, and the duty of the judge, in
deciding upon the competency of evidence, to regard the testimony
of each as possibly true. It is an elementary principle that a
party cannot give his own acts or declarations in evidence in his
own favor, unless a part of the res gestæ. Making the charge was
no part of the transaction between the parties, and not, therefore,
admissible upon that ground. How can the alleged promise of
payment by the Defendant make the time when the charge was
made by Plaintiff, or the fact that it was made by him admissible
evidence against the Defendant? What the Defendant had the
right of proving was, what occurred between the parties at the
time the entry was made, and this as an admission of the Defend-
dant. This could not make any other evidence competent, unless
necessary to explain the admission which that admission referred
to, and which the circumstances showed was referred to in the
conversation. This did not include the time of making the charge,
or who made it. Evidence, I think, of these latter facts was in-
competent, and its admission error. Evidence of another person
was received, that he saw the entry on the book shortly after the
delivery of the horse. This was also incompetent. In reference
to this evidence the judge charged the jury, that making the
charge by Plaintiff, immediately upon his return to the store, was
evidence of a sale of the horse. This, I think, was also error.
This part of the charge was not qualified by stating that it would
be evidence provided the jury believed that the Defendant had
promised to pay subsequently. It would not have been correct
if so qualified. There was no pretence that the Defendant made
any admission of the time when the charge was made or by
whom. The case shows that the Defendant might have been pre-
judiced by this evidence. When the issue was whether the horse
was sold to the Defendant, or whether he was to deliver him to
Baird, to take to New York, and sell, on Plaintiff's account,
proof that the Plaintiff made such a charge directly after the
transaction, and before any dispute arose, might have a controlling
effect upon the jury. I think proof of the chattel mortgage

given by Baird to Defendant also inadmissible. These transactions between Baird and Defendant had no tendency to show upon what terms the Defendant received the horse in question. The only effect produced thereby would be, possibly, to create a prejudice in the minds of the jury against the Defendant. I think the judgment should be reversed, and a new trial ordered.

Concurring in the opinion of Hunt, J., Porter, Wright, Scrugham, Bockes, and Parker, JJ., and Davies, Ch.J.

Judgment affirmed.